**E-FILED**
Thursday, 15 June, 2006  01:42:33 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-20056 |
| | ) | |
| WAYNE M. SKLARSKI, | ) | |
| | ) | |
| Defendant. | ) | DRAFT |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Richard N. Cox, Assistant United States Attorney, and the defendant, Wayne M. Sklarski, personally and by his attorney, John Taylor, have agreed upon the following:

### SCOPE

1.      This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

- 2 -

2.      This plea agreement is binding only upon the United States Attorney for
the Central District of Illinois and the defendant.  It does not bind any United States
Attorney outside the Central District of Illinois, nor does it bind any state or local
prosecutor.  In addition, the plea agreement does not bind the Tax Division of the
United States Department of Justice or the Internal Revenue Service of the United States
Department of the Treasury.

## THE PLEA

3.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant
will enter a plea of guilty to Count Two of the indictment in this cause.  Count Two of
the indictment charges the defendant with Unlawful Possession of Ammunition by A
Felon in violation of Title 18, United States Code, Section 922(g)(1).  Based on the
information currently available, pursuant to Fed.R.Crim.P.11(c)(1)(C), the parties agree
that the sentencing guideline range calculated herein is the appropriate range and agree
that a sentence of 30 months imprisonment (the low end of that range) is the
appropriate disposition of the case.  If the Court accepts this plea agreement, the Court
must sentence the defendant to 30 months imprisonment.  The parties agree that the
imposition of a fine, if any, and the amount of supervised release to be imposed will
remain in the Court's discretion.  If the Court rejects the plea agreement, the agreement
shall become null and void and neither party shall be bound thereto.  The parties have
made a good faith effort to accurately calculate the sentencing range in this agreement.
However, due to uncertainty concerning the defendant's previous criminal history,

- 3 -

both parties shall be allowed to withdraw from the plea agreement if the sentencing guidelines range determined by the Court exceeds that calculated by the parties herein.

4.    The United States also agrees to move to dismiss Count One of the indictment at the time of sentencing.

## ELEMENTS OF THE CHARGE

5.    The defendant has personally read the indictment and the charge to which the defendant is pleading guilty.  The indictment and the charge have been explained to the defendant by the defendant's attorney.  Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty.

6.    The offense of Unlawful Possession of Ammunition by A Felon, in violation of Title 18, United States Code, Section 922(g)(1), has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

- First, that prior to September 17, 2003, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year;

- Second, that on or about September 17, 2003, the defendant knowingly possessed ammunition; and

- Third, that the ammunition possessed by the defendant had traveled in interstate commerce prior to the defendant's possession of it on that date.

## POTENTIAL PENALTIES

7.    The charge of Unlawful Possession of Ammunition by A Felon, in violation of Title 18, United States Code, Section 922(g)(1), has the following potential

- 4 -

penalties in this case:

- • Maximum 10 year period of imprisonment;

- • Maximum fine of $250,000; and

- • Maximum three year period of supervised release.

8.     The defendant further understands and agrees to pay the mandatory $100 Special Assessment for the count of the Indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013, for a total of $100. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering an attorney's check, cashier's check, or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

9.     The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

<u>ACCEPTANCE OF RESPONSIBILITY</u>

10.     The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance

- 5 -

with § 3E1.1 of the United States Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States.

11.    The United States agrees to move at sentencing for an additional one-level reduction in offense level if, as anticipated, the defendant's offense level is 16 or greater because the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.    If the United States changes its position as permitted under the above paragraph regarding acceptance of responsibility, this agreement shall become null and void and neither party shall be bound thereto. Similarly, if the Court rejects the agreement of the parties that the defendant has accepted responsibility, this agreement shall become null and void and neither party shall be bound thereto.

## ADVISORY SENTENCING GUIDELINES

13.    The defendant understands that the Court will calculate the defendant's

- 6 -

offense level and criminal history category under the United States Sentencing
Guidelines, and that the Court will use those calculations to arrive at an advisory
sentencing range under the Guidelines.  The defendant understands that the Court
must consider the advisory Sentencing Guideline range when imposing sentence.  The
Court shall also consider the other factors listed under Title 18, United States Code,
Section 3553(a) in determining the specific sentence to be imposed.

14.    Pursuant to Rule 11(c)(1)(C), the United States and the defendant agree to
the following Sentencing Guideline applications:

a.    The base offense level is 20 pursuant to §2K2.1(a)(4)(A);

b.    No other Chapter Two adjustments are applicable;

c.    No Chapter Three adjustments are applicable, except for acceptance
of responsibility.  As set forth above in paragraphs 10 and 11, based on the
information they currently possess, the parties agree at this time that the
defendant's offense level should be reduced by three levels pursuant to §3E1.1
because he has accepted responsibility for his conduct;

d.    The parties agree that there is uncertainty regarding the
defendant's previous criminal history.  Based on the information it currently
possesses, the United States believes that the defendant has a Criminal History
Category of III.  Defendant acknowledges and understands that, if prior to
sentencing, the United States discovers that the defendant has a Criminal History
Category higher than III,  this agreement is voidable in the discretion of the

- 7 -

United States. The defendant understands, however, that if the United States voids this agreement under such a circumstance, he will be allowed to withdraw from any previously accepted guilty plea;

e.      Based on the above, the United States and the defendant agree that the defendant has a total offense level of 17 and a Criminal History Category of III, resulting in a guideline sentencing range of 30 to 37 months imprisonment located in Zone D of the Sentencing Table, a fine of $5,000 to $50,000 pursuant to §5E1.2(c)(3), and supervised release for a period of from two to three years pursuant to §5D1.2(a)(2), and that the appropriate sentence is 30 months imprisonment.

15.      The defendant understands that, pursuant to Rule 11(c)(1)(C), at the time of sentencing the Court may accept or reject the above agreements regarding the application of the Sentencing Guidelines, and if the Court rejects those agreements, the Court would not be bound by the plea agreement and the defendant would have the opportunity to then withdraw the guilty plea.

## STIPULATION OF FACTS

16.      The defendant will plead guilty to Count Two of the indictment because he is in fact guilty. In pleading guilty, the defendant stipulates and agrees to the following:

Prior to September 17, 2003, the defendant had been convicted of a crime punishable by more than one year in prison (a felony).

- 8 -

On July 25, 2003, the defendant reported to the Manteno (IL) Police Department that he was having problems with his girlfriend and that she had taken or hidden a gun belonging to him.  He described the gun as a 9mm Smith & Wesson.

On September 17, 2003, law enforcement officers interviewed the defendant concerning his police report involving the stolen gun.  During the interview, the defendant consented to a search of his residence.  During the ensuing search, officers recovered a number of receipts for guns purchased in the girlfriend's name between 1994-96.  One was for the Smith & Wesson reported stolen by the defendant.  In addition, the officers located and seized 27 rounds of 12 gauge shotgun shells, 10 rounds of 10 gauge shells, and a typewritten receipt transferring a Mossberg 12 gauge shotgun from the girlfriend to the defendant.  When the officers asked about this shotgun, the defendant told them it was stored at a friend's house, but refused to provide the friend's name.

Subsequent analysis determined that the shotgun shells were manufactured outside the State of Illinois and had previously traveled in interstate commerce.

### ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

17.    The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

18.    The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights.  Specifically, the defendant understands that

- 9 -

by pleading guilty he is waiving the following rights, among others:

      a.     The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

      b.     The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

      c.     The right to the assistance of counsel at trial. The defendant has the right to be represented by an attorney at every stage of the proceedings, including trial. If the Court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant. By entering a guilty plea pursuant to this Plea Agreement, the defendant will not be represented by counsel at a trial on these charges since there will be no trial.

      d.     The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those witnesses

- 10 -

and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the Court.

    e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

    19.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

    20.    Defense Counsel

    I have read this Plea Agreement and have discussed it fully with my client, Wayne M. Sklarski. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

DRAFT

Date:_____    _____
                                John Taylor
                                Attorney for the Defendant

- 11 -

21.    Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John Taylor. I fully understand this agreement and accept and agree to it without reservation, voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement. I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this paragraph and I am accepting and entering into this Plea Agreement in its entirety.

DRAFT

Date:_____    _____

Wayne M. Sklarski
Defendant

ACKNOWLEDGMENT OF THE UNITED STATES

22.    United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

DRAFT

Date:_____    _____

Richard N. Cox
Assistant United States Attorney
201 South Vine Street
Urbana, Illinois 61802
Telephone: 217/373-5875